THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO TIRADO, Defendant and Appellant.

No. 12563. Argued February 17, 1948.—Decided February 27, 1948.

*A. Fernández Sánchez* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

Manuel Vergne Roig filed, in the Municipal Court of San Lorenzo, a complaint against Antonio Tirado for a violation of § 138 of the Penal Code. It is alleged in said complaint that Tirado "wilfully and maliciously, being a public officer (insular policeman) in charge of the maintenance of the public peace, under color of authority and without legitimate cause (*sin causa legítima*) therefor, assaulted and battered me with his club, hit me with said club in my forehead, leaving me unconscious, and causing me a severe bruise in the forehead." Upon being found guilty by the municipal court, the defendant appealed to the District Court of Humacao, where, after a trial *de novo,* he was convicted and sentenced to pay a fine of $50 and to serve one month in jail.

The appellant in his brief first urges that the lower court erred in overruling his demurrer, based on the ground that the facts, such as they are alleged in the complaint, do not constitute any crime for which he might be prosecuted. In his argument under this assignment, he contends that the essential elements of the crime defined by § 138 of the Penal Code [1] are: (1) that the defendant is a public officer; (2) that he has acted under color of authority; and (3) without lawful necessity. He admits that in this case the first two

---

[1] Section 138 of the Penal Code provides in Spanish:
"*Todo funcionario público que so color de autoridad y sin causa legítima, acometiere, agraviare, oprimiere o golpeare a alguna persona, incurrirá en multa máxima de cinco mil (5,000) dólares y cárcel por un término máximo de cinco años.*"

requisites provided by said Section have been complied with; but he maintains that, as to the third requisite, the complaint is insufficient, since instead of alleging that the defendant acted "without lawful necessity," it states that he did it "without legitimate cause," the two phrases having, in his judgment, entirely different meanings. He further says that, since the English text of the Penal Code should prevail, the Spanish phrase *"sin necesidad legal"* is a more faithful translation of the words "without lawful necessity" used in the English version of said Section.[2]

We agree that in accordance with Act No. 8 of November 12, 1917 (Vol. II, p. 210; § 13 of the Civil Code, 1930 ed.), the English text of the Penal Code should prevail over the Spanish text thereof. However, although the phrase *"sin necesidad legal"* is perhaps better adapted to the English text, it is so similar to the phrase *"sin causa legítima,"* used in the Spanish text, that both phrases undoubtedly have the same scope. The complaint, we repeat, alleges that the defendant "being a public officer . . . under color of authority and without legitimate cause therefor" assaulted and battered the complainant. In our opinion, it substantially complied with the statute. See *People v. Pedrosa,* 63 P.R.R. 218; *People v. Torres,* 62 P.R.R. 46; and *People v. Girón,* 25 P.R.R. 34. Cf. *People v. Avilés,* 66 P.R.R. 290. Moreover, we do not think that the mere fact that the complaint alleges that the assault was committed "without legitimate cause" instead of alleging that it was done "without lawful necessity" affects any substantial right of the defendant, and since here we are dealing with a complaint drafted by a layman, we should not examine it with the minuteness employed when there are involved informations prepared by a

---

[2] The English text of § 138 of the Penal Code reads as follows:

"Every public officer who, under color of authority, without lawful necessity, assaults, wrongs, oppresses or beats any person, is punishable by fine not exceeding five thousand (5,000) dollars, and imprisonment in the jail not exceeding five years."

district attorney. Section 83, Code of Criminal Procedure; *People* v. *Gibson,* 51 P.R.R. 118, 121; *People* v. *Cruz,* 53 P.R.R. 505; and *People* v. *Petrovitch et al.,* 32 P.R.R. 705.

■■ The defendant also contends that the District Court of Humacao erred in dismissing his motion praying for a reduction of the charge to assault and battery. It is unquestionable that within the crime defined by § 138 of our Penal Code that of assault and battery is included. *People* v. *Malavé,* 64 P.R.R. 629; and *People* v. *Marcano,* 61 P.R.R. 139, 142. Nevertheless, when in a case, like the present one, the evidence tends to show all the characteristics of the crime referred to in § 138, *supra,* the court does not err in refusing to reduce the characterization thereof to assault and battery. In discussing this error the defendant mainly contends that it was not proven that he was an insular policeman at the time he struck the complainant Vergne Roig. We do not agree. A slight examination of the transcript of the evidence convinces us that the witnesses for the prosecution, Manuel Vergne Roig, Antonio Carrasquillo, and Alejandro Aramburu, as well as those for the defense, Evangelista Ortiz Alicea, Juan Castro, Felipe Díaz Torres, and Luis M. Jackson, repeatedly testified that Antonio Tirado was an insular policeman duly uniformed at the time he battered the complainant with his club.

■ Lastly, the defendant urges that the lower court erred in finding him guilty without there having been proved, beyond all reasonable doubt, the substantial elements of the crime charged.

The evidence for The People tended to show that on March 11, 1946, between 5 and 6 p. m., in a small café called ''El Lirio,'' which is located in front of the public square in the town of Juncos, a fight occurred between Juan Antonio Palóu and Manuel Vergne Roig, on the one hand, and Manuel Aponte and his son on the other; that when this fight had ended and Manuel Vergne Roig was in the street near the

small café, the policemen Felipe Díaz Torres and Antonio Tirado arrived; that the latter told the complainant, "You are under arrest," and without the complainant making any protest or assaulting the defendant, the latter raised his club and hit complainant with it on his head. The evidence for the defense was to the effect that after the fight had ended in the small café, and while Vergne Roig was in the street, wiping with his handkerchief some blood he had near his mouth, due to a blow he had received, the policemen Díaz Torres and Tirado arrived; that when Tirado came near Vergne Roig to arrest him, the latter insulted him and struck him with his fist in the chest; and that in order to repel the attack Tirado had to make use of his club.

The evidence introduced was undoubtedly conflicting, but the conflict existing between the testimony of the witnesses for the prosecution and of those for the defense was resolved by the lower court. It was incumbent on the court to do so, and an examination of the transcript of evidence convinces us that such evidence was sufficient to establish all the elements of the crime and therefore sufficient to adjudge the defendant guilty of a violation of § 138 of the Penal Code. Moreover, we have not been convinced that in weighing the evidence the district court committed manifest error or acted under the influence of passion, prejudice, or partiality. *People* v. *Santos*, 67 P.R.R. 610.

The judgment appealed from should be affirmed.